UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA FIATARONE,<br><br>Plaintiff,<br><br>v.<br><br>SQUAW VALLEY RESORT, LLC,<br><br>Defendant. | No.  2:21-cv-00451-MCE-JDP<br><br>**ORDER** |

Plaintiff Maria Fiatarone ("Plaintiff") seeks to recover from her former employer, Defendant Squaw Valley Resort, LLC ("Defendant"), for, very generally, harassment and retaliation she suffered during her tenure with the company.  Presently before the Court is Defendant's Motion to Compel Arbitration and to Dismiss, or in the Alternative, Stay the Case.  ECF No. 3.[1]

"The [Federal Arbitration Act ("FAA")] was enacted in 1925 in response to widespread judicial hostility to arbitration agreements."  <u>AT&T Mobility LLC v. Concepcion</u>, 131 S. Ct. 1740, 1745 (2011).  Under the FAA, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Section 2 of the FAA

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local R. 230(g).

1  "reflect[s] . . . a 'liberal federal policy favoring arbitration.'"  Concepcion, 131 S. Ct. at
2  1745 (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24
3  (1983)).  At the same time, however, § 2 reflects "the 'fundamental principle that
4  arbitration is a matter of contract.'"  Id. (quoting Rent-A-Center, W., Inc. v. Jackson,
5  130 S. Ct. 2772, 2776 (2010)).  "[Section] 3 requires courts to stay litigation of arbitral
6  claims pending arbitration of those claims, 'in accordance with the terms of the
7  agreement'; and § 4 requires courts to compel arbitration 'in accordance with the terms
8  of the agreement' upon the motion of either party to the agreement . . . ."  Id. at 1748.  In
9  determining whether to compel arbitration, the court may not review the merits of the
10 dispute.  Instead, the court must limit its inquiry to three steps: (1) whether the contract
11 containing the arbitration agreement evidences a transaction involving interstate
12 commerce; (2) whether there exists a valid agreement to arbitrate; and (3) whether the
13 dispute(s) fall within the scope of the agreement to arbitrate.  Republic of Nicaragua v.
14 Standard Fruit Co., 937 F.2d 469, 476-78 (9th Cir. 1991).

15      The parties agree that when Plaintiff was first employed by Defendant in 2014,
16 she signed a written arbitration agreement ("Agreement") that covered disputes
17 regarding her employment.  That employment was seasonal, however, and ended in the
18 spring of 2015.  She then re-applied for future seasonal positions in 2016 and was
19 offered positions in each of the following years until her current claims arose in the
20 2019/2020 season.  She did not sign new arbitration agreements when she was re-hired.
21 Nor did the offer letters presented to her reference arbitration, despite purportedly laying
22 out the terms and conditions of her employment.  Moreover, Plaintiff was presented with
23 documents expressly contemplating that either she or Defendant could pursue claims in
24 a judicial tribunal.  Accordingly, arbitration is only mandated if the Agreement covered
25 disputes for future terms of employment.  It does not.

26      That Agreement "survives the termination of Employee's employment with the
27 Company," but then specifies that it "also applies, without limitation, to disputes
28 regardless of the date of accrual arising out of or related to the current or any past

employment relationship with the Company." Decl. of Jennifer Scharp, ECF No. 5, ¶ 5, Ex. 3.  Nowhere in the Agreement does it indicate that the parties agreed to arbitrate claims regarding future terms of employment.  Since Plaintiff's claims do not arise out of her first tenure with Defendant, the Agreement is thus inapplicable.  Defendant's Motion to Compel Arbitration and to Dismiss, or in the Alternative, Stay the Case (ECF No. 3) is DENIED.

      IT IS SO ORDERED.

Dated:  December 13, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE